## Case No. 13,090a.

### SMITH v. PENDERGAST.[1]

District Court, S. D. New York. Nov. 1, 1882.

SEAMEN—WAGES—ADVANCE SECURITY—LIABILITY OF OWNER—VOLUNTARY DISCHARGE OF SEAMEN.

[1. A draft for advance wages, drawn by the master on the owner, and discounted by a third person, all according to the provisions of Rev. St. §§ 4533, 4534, creates an obligation enforcible in admiralty against the owner, without any acceptance by him.]

[2. An advance security, made and discounted according to the statute, requested the owner to pay certain sums of money to the seamen three days after the sailing of the vessel from St. Mary's, provided the seamen should go to sea in the vessel from St. Mary's according to the shipping articles. *Held*, that the owner was bound to pay the security, although the seamen never went to sea in the vessel from St. Mary's, for the reason that they were voluntarily discharged by the master before reaching that port.]

[This was a libel for wages by Henry Smith against James F. Pendergast.]

Henry Heath, for libelant.
Beebe, Wilcox & Hobbs, for respondent.

BENEDICT, District Judge. This is an action, brought against the owner of the bark Thomas Fletcher, to recover the amount of the advance wages of the crew of that vessel shipped in New York for a voyage thence to Rio Janeiro, for which advance an order on the owner was given by the master of the vessel, and the same thereafter discounted by the libelant. The defendant has never accepted the order drawn by the master, and his liability therefore depends upon the statute. If the instrument executed by the master and discounted by the libelant is an advance security, made and discounted as the statute requires, then, by virtue of the statute, the defendant is liable; not otherwise. Rev. St. U. S. § 4534. The statutory requirements of an advance security are that it shall be a written agreement made by the master or owner, or his authorized agent, and given to the seamen in presence of the shipping commissioner, whereby the master, or owner, as the case may be, promises to pay in advance a certain amount of wages stipulated in the shipping agreement to be so advanced. Sections 4533, 4534. And by section 4534 the discounting of an advance security is valid to create a right of action in

[1] [Not previously reported.]

the person discounting the same, provided the seamen sign a receipt, indorsed on the security, stating the sum actually paid or accounted for to the seamen by such person.

The instrument here sued on is in form a draft on the owner, signed by the master of the vessel, wherein the owner is requested to pay certain sums of money to the seamen named therein, three days after the sailing of the bark from St. Mary's, provided the seamen so named go to sea in the bark from St. Mary's, according to the shipping articles. This draft, whether accepted by the owner or not, created an obligation on the part of the master of the vessel to pay the sums therein named, and, being signed by him, constitutes a written promise on the part of the master to pay the sums named therein. It is therefore an advance security, within the requirements of the statute, provided the shipping agreement contained a stipulation for such advance. The shipping agreement was not put in evidence, but no point was made upon the absence of a stipulation for such advance in the shipping agreement, and the words of the draft, "according to the articles," point to the existence of such a stipulation in the shipping agreement.

The testimony shows that this advance security was given the seamen in presence of the authorized deputy of the shipping commissioner. The instrument must, therefore, be held to be valid advance security for the sums therein mentioned. That it was discounted by the libelant is proved, and it bears on the back a receipt stating the sum actually paid or accounted for to each of the seamen named therein by the libelant, which receipt is signed by each of the seamen as the statute requires. The libelant testifies that he actually paid or accounted for, to each seaman named in the receipt, the sum receipted for by such seaman, and the correctness of his statement is not disputed. The security was therefore lawfully discounted by the libelant, as required by the statute. It appears, however, that none of the seamen named in the security went to sea in the bark from St. Mary's, but that they were all discharged from the vessel at Savannah, with the consent of the master. There is no dispute as to the fact that the discharge of the crew at Savannah was with the consent of the master. Indeed, the master himself testifies to that fact. Under such circumstances, the statutory liability of the owner to the libelant for the amounts named in the security became complete 10 days after the departure of the ship for St. Mary's, notwithstanding the nonperformance of the conditions the agreement contained. Such is the express provision of the statute.

The contract sued on is a maritime contract. It was discounted by the libelant in accordance with the statute. The jurisdiction of a court of admiralty to enforce it, in behalf of the libelant, as against the owner of the vessel, is not doubtful. The libelant is therefore entitled to a decree for the amount of the ad-

vance wages stated in the advance security, namely, $141, with interest from the commencement of this action, and costs.